UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL JACKSON,

    Plaintiff,

FILE NO. 1:06-CV-00592

-vs-

FEDERAL BUREAUS OF PRISON, et. al.,

    Defendants.

_____/

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

### ARGUMENT

In his brief in opposition to the Motion to Dismiss of Defendants the GEO Group, Inc., David Farmer and James Brown (collectively "the GEO Defendants"), Plaintiff reflects a misunderstanding of the concept of personal jurisdiction. In his response, he claims that the GEO Defendants' Motion to Dismiss would only be valid if his claim was based on North Carolina law. This contention is incorrect since the personal jurisdiction inquiry is unrelated to the nature of the claims asserted by Plaintiff.

Plaintiff next claims that venue in this action is proper pursuant to 28 U.S.C. § 1391(e) because that statute allows for a civil action against a defendant in his official capacity who is a United States employee to be brought in a judicial district where any defendant resides. However, Plaintiff ignores the second sentence of § 1391(e) which states as follows:

> Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

As this sentence makes clear, § 1391(e) does not purport to waive – nor could it constitutionally waive – a defendant's right to be sued only where personal jurisdiction exists over him. In the present case, personal jurisdiction in this Court does not exist over the GEO Defendants.

Finally, Plaintiff appears to be claiming that the contract authorizing the housing of federal inmates in a private prison somehow gives this Court personal jurisdiction over the GEO Defendants. However, nothing in the contractual provisions attached to Plaintiff's response purports to subject these specific defendants to this Court's personal jurisdiction.

This Court recently addressed this same issue in *Robinson v. Ashcroft, et al.*, No. 03-2423 (D.D.C. March 17, 2004) (attached hereto as Exhibit A). In *Robinson*, an inmate housed at a California prison operated by Wackenhut Correctional Corporation (a predecessor corporation of the GEO Group, Inc.) attempted to sue in this Court not only the United States Attorney General but also Wackenhut and several of its employees – none of whom lived in the District of Columbia. In granting a similar motion to dismiss, this Court relied on the fact that none of the Wackenhut defendants lived or worked in the District of Columbia and that none of the tortious acts alleged by the plaintiff occurred in the District of Columbia. (Order at 4-5) Likewise, in the present case, it is undisputed that Defendants Farmer and Brown live and work in North Carolina and that the GEO Group, Inc. is a Florida corporation. Furthermore, it is similarly undisputed that the incident giving rise to this lawsuit occurred during Plaintiff's incarceration at a private prison in North Carolina. Thus, as in *Robinson*, dismissal as to these moving defendants is proper.

## CONCLUSION

Based on the foregoing, the GEO Defendants respectfully submit that their Motion to Dismiss should be granted.

This the 25th day of May, 2006.

_____/s/_____
Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C.  20005
Telephone No.:  (202) 467-6900

**Attorney for Defendants GEO Group, Inc., David Farmer and James Brown**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** in the above-captioned action upon the following parties to this cause by depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

ADDRESSEE(S):

Michael Jackson, #11373-007
Rivers Correctional Institution
Post Office Box 630
Winton, North Carolina  27986

This the 25th day of May, 2006.

_____
Paul A. Kaplan

4