# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 1 7 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN K. ROBINSON,

Plaintiff,

v.

JOHN ASHCROFT, et al.,

Defendants.

Civil Action No.  03-2423 (RJL)

## MEMORANDUM OPINION

Plaintiff, a federal inmate at Taft Correctional Institution, Taft, California, has filed a 114-page complaint against numerous defendants pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Defendants John G. O'Rourke, William J. Murray, Terry Craig, Eliezer Ben-Shmuel, George C. Zoley, Wayne H. Calabrese, Raymond D. Andrews, Taft Correctional Institution, and Wackenhut Corrections Corporation ("Wackenhut Defendants") have filed a motion to dismiss.   Because the Court concludes that it lacks personal jurisdiction over these defendants, the motion to dismiss will be granted.

### Allegations in Complaint

On August 17, 1999, in the United States District Court for the Eastern District of Missouri, plaintiff was found guilty by jury verdict on 27 counts of an indictment.  Complaint ("Compl."), ¶¶44, 47, 48.  Plaintiff was sentenced by the district court to 87 months imprisonment and three years of supervised release on November 5, 1999. *Id.*, ¶54.  Plaintiff was designated to

-1-



Taft Correctional Institution to serve his sentence. *Id.*, ¶57. The United States Court of Appeals for the Eighth Circuit affirmed plaintiff's convictions on December 11, 2000. *Id.*, ¶61. Plaintiff's petition for rehearing was denied by the Eighth Circuit on February 21, 2001. *Id.*, ¶62.

Plaintiff then filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California. *Id.*, ¶63. The district court dismissed the petition on November 21, 2001 and did not issue a certificate of appealability. *Id.*, ¶¶67-69. The United States Court of Appeals for the Ninth Circuit denied relief due to the absence of a certificate of appealability. *Id.*, ¶¶70-71.

The allegations against the Wackenhut Defendants concern plaintiff's incarceration at Taft Correctional Institution ("TCI"). Defendants William J. Murray, Terry Craig, George C. Zoley, Wayne H. Calabrese, and John G. O'Rourke are employees of Wackenhut Corrections Corporation and reside and conduct business in the states of Florida or California. *Id.* ¶¶ 12-13, 34-36. Defendant Raymond D. Andrews is the Warden at Taft. *Id.*, ¶37. Defendant Eliezer Ben-Shmuel is Mr. Andrews' attorney, in California. *Id.*, ¶14. TCI is a correctional facility in Taft, California operated and controlled by Wackenhut Corrections Corporation, a Florida corporation. *Id.*, ¶¶ 38-39.

Plaintiff alleges that the Wackenhut Defendants deprived inmates at TCI of access to the courts, suspended the writ of habeas corpus, obstructed the administration of justice, and subjected the inmates to cruel and unusual punishment. *Id.*, ¶464. Specifically, plaintiff alleges that defendants isolated inmates from the BOP administrative remedy system. *Id.*, ¶467. TCI set up an informal resolution program which did not allow inmates to appeal to the BOP Western Regional Office. *Id.* Plaintiff also alleges defendants misrepresented that the prison was an

"FCI" when it was actually managed by Wackenhut, thereby committing fraud on the courts. *Id.*, ¶468.

The complaint also asserts that defendants required TCI staff members to issue unlawful orders and commit criminal acts against inmates. *Id.*, ¶472. For example, one of the staff members used "Crazy Glue" to render the law library typewriters inoperable and deprived the inmates of access to the courts. *Id.* Plaintiff also alleges that money was stolen from his inmate trust account. *Id.*, ¶473. In addition, defendants conspired to conceal the actual TCI bed count in order to overstate corporate income, understate expenses and falsify reports to the Securities and Exchange Commission. *Id.*, ¶475. Plaintiff alleges that he has been subjected to peonage and slavery. *Id.*, ¶477.

## Standard of Review

Defendants move to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.[1] Plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C. 2003). In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack

---

[1] These defendants have also moved to dismiss based on improper service of process, improper venue, and failure to state a claim upon which relief can be granted. Given the Court's disposition of the personal jurisdiction issue, there is no need to reach the merits of these other grounds for dismissal.

of personal jurisdiction under Rule 12(b)(2), the Court need not treat plaintiff's allegations as true. *Id.* Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

### Analysis

The District of Columbia long-arm statute, D.C. Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1040 (D.C. Cir. 1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D. D.C. 1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a)(1)-(4).

For there to be personal jurisdiction under the long-arm statute, plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C. 1994). At the very least, plaintiff must allege a tortious injury in the District of Columbia even if the act causing the injury took place elsewhere. D.C. Code § 13-423(a)(4). *See Crane v. Carr*, 814 F.2d 758, 762-63 (D.C. Cir. 1987); *Blumenthal v. Drudge*, 992 F.Supp. 44, 53-54 (D.D.C. 1998).

-4-

According to the complaint, none of the Wackenhut defendants reside in or maintain a business in the District of Columbia. *See* Compl., ¶¶12-14, 34-39. All of these defendants either reside or maintain a business in the state of California or Florida. In addition, none of the tortious acts alleged by plaintiff occurred in the District of Columbia. And plaintiff has not alleged that a tortious injury occurred in this jurisdiction. This Court therefore lacks jurisdiction over the Wackenhut Defendants and it is

**ORDERED** that the motion to dismiss filed by defendants John G. O'Rourke, William J. Murray, Terry Craig, Eliezer Ben-Shmuel, George C. Zoley, Wayne H. Calabrese, Raymond D. Andrews, Taft Correctional Institution, and Wackenhut Corrections Corporation is **GRANTED**.

RICHARD J. LEON
United States District Judge

Dated: 3/17/04