## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-0592 (GK)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ _____ ) | |

## DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants Federal Bureau of Prisons (BOP) and Harley Lappin, Director, BOP, through the undersigned counsel, hereby move the Court for an order of dismissal, pursuant to 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, improper venue and for failure to state a claim upon which relief can be granted.  In the alternative, should the Court deny Defendants' motion to dismiss, Defendants move pursuant to 28 U.S.C. §§ 1391(b), 1404(a) and 1406, that the Court exercise its discretion to transfer venue to the Eastern District of North Carolina, the judicial district where the alleged incidents took place and where Plaintiff is incarcerated.

In support of this motion, Defendants submit a Memorandum of Points and Authorities and Proposed Order.   Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  See, Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

June 30, 2006                    Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney

OF COUNSEL:
SPENCER BASSETT
Attorney Advisor
Office of General Counsel
Federal Bureau of Prisons320 First Street, N.W.
Washington, DC  20534

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0592 (GK) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants Federal Bureau of Prisons (BOP), and Harley Lappin, Director, BOP, through

the undersigned counsel, hereby submit this memorandum of law in support of this motion,

pursuant to Fed. R. Civ. P. 12(b)(1),(b)(3), 12(b)(5) and 12(b)(6).

I.      **Background**

Michael Jackson ("Plaintiff"), Register Number 11373-007, is an inmate currently

incarcerated at the Rivers Correctional Institution ("RCI") in Winton, North Carolina.  See

SENTRY Public Information Data (Attached).  Plaintiff arrived at RCI on September 24, 2001.

Id.  RCI is a privately owned and operated correctional facility that is under contract with the

Bureau of Prisons to house federal inmates.  Pursuant to the National Capital Revitalization and

Self-Government Improvement Act of 1997 ("Revitalization Act"), and effective October 1,

2001, the Bureau of Prisons assumed responsibility for any person sentenced to incarceration

under the D.C. Code.  D.C. Code § 24-101.  The Revitalization Act further requires the Bureau

of Prisons to ultimately house 50 percent of the D.C. inmates in "private correctional facilities."

D.C. Code § 24-101(c)(1)(B).  To that end, the Bureau of Prisons awarded RCI's owner and

operator, GEO Group, Inc., a contract to house D.C. inmates, as well as other federal prisoners.

According to his complaint, Plaintiff alleges that the Defendants violated the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000CC et seq. because of a single instance where plaintiff was allegedly exposed to pork and for allegedly denying his request for a "[p]roper religious diet."  Dkt. Rep. No. 1.

## II.    Argument

### A.    Plaintiff Fails to State a Claim Because RLUIPA Does Not Apply to Federal Agencies or Agents.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996).  A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999).  In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party.  Conley v. Gibson, 355 U.S. 41, 45-46  (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974).  The court need not, however, accept as true the plaintiff's legal conclusions.  See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997).

From the facts alleged in the complaint in this case, plaintiff can prove no set of facts that would entitle him to relief against Defendants BOP and Harley Lappin because RLUIPA does not apply to federal agencies or agents.  RLUIPA specifically states that "[n]o government shall

impose a substantial burden on the religious exercise of a person residing in or confined to an institution." 42 U.S.C. §2000CC.  The statute goes on to define government as "a State, county, municipality, or other governmental entity created under the authority of a State . . ." 42 U.S.C. § 2000CC-5(4)(A)(emphasis added).  Courts have held that RLUIPA does not create a cause of action against the federal government or its correctional facilities. See Ish Yerushakayim v. U.S., 374 F. 3d 89, 92 (2nd Cir. 2004); See also Sample v. Lappin, 424 F.Supp.2d 187, 192 (D.D.C. 2006) (footnote 3, citing Ish Yerushakayim); Pineda-Morales v. De Rosa, 2005 WL 1607276 (D.N.J. 2005)(RLUIPA only applies to state and local governments, not a federal prison); Terrero v. Watts, 2005 WL 2838142 (S.D.Ga. 2005)(RLUIPA is not an available avenue for federal inmates to seek recovery for alleged violation of their right to free exercise of their religion).  Plaintiff in this case alleges a violation of RLUIPA, but he is not entitled to relief because RLUIPA only applies to state and local governments, and does not apply to federal agencies or agents.  Accordingly, Defendants BOP and Harley Lappin should be dismissed from this case for failure to state a claim.

**B.     Sovereign Immunity Bars Constitutional Claims Against Defendants BOP and Harley Lappin.**

Plaintiff has failed to specifically set forth a constitutional claim against Defendants BOP and Harley Lappin.  Nevertheless, if the Court liberally interprets Plaintiff's complaint to include such a claim, this too should be dismissed.  A plaintiff cannot sustain an action based on constitutional violations against government agencies.  FDIC v. Meyer, 510 U.S. 471 (1994).  An action for damages based upon constitutional violations can only be maintained against individual defendants and cannot be brought against the United States or an agency thereof.  Id.

3

The only waiver exposing the United States to tort liability is the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680), which does not apply to constitutional torts.  Risley v. Hawk, 918 F. Supp. 18 (D.D.C. 1996).  Thus, plaintiff cannot maintain a constitutional claim for money damages against the BOP.

To the extent that plaintiff seeks damages against Defendant Harley Lappin, in his official capacity as Director of the Bureau of Prisons, his claims must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp.11 (D.D.C. 1996); Marshall v. Reno,  915 F.Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies [such as the BOP] from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).  Plaintiff's complaint does not contain any colorable basis for such a waiver.  Therefore, to the extent Plaintiff asserts claims for damages against Mr. Lappin in his official capacity[1], such claims must be dismissed for lack of subject matter jurisdiction.

## C.     Venue is Improper in the District of Columbia.

Plaintiff's claims against BOP and Mr. Harley Lappin in his official capacity must also be dismissed pursuant to Rule 12(b)(3) for improper venue.  Venue in this case is governed by 28

---

[1]  Plaintiff has not asserted any claim against Mr. Lappin in his individual capacity, and this motion is being filed on behalf of Mr. Lappin in his official capacity.  To the extent that the Plaintiff may subsequently assert an individual capacity claim against Mr. Lappin, this filing contained herein is not intended to be a waiver by Mr. Lappin of any defenses, including but not limited to, immunity from suit, improper venue, and insufficiency of service of process.

U.S.C. § 1391(b). Under § 1391(b), venue is proper only in (1) a judicial district where any

Defendant resides, if all Defendants reside in the same state, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of the property that is the subject of the action is situated, or (3) a judicial district in which any

Defendant may be found, if there is no district in which the action may otherwise be brought.  28

U.S.C. § 1391(b).  The alleged events or omissions giving rise to the Plaintiff's claims took place

in North Carolina, not in D.C.  See Robertson v. Merola  895 F. Supp. 1 (D.D.C. 1995); Zakiya

v. U.S., 2003 WL 21403767 p. 4 (D.D.C.) ("Because none of the operative events that constitute

the *gravamen* of Plaintiff's claims took place in the District of Columbia, the Court concludes

that venue in this district is improper.").  Because venue is improper, the Court should dismiss

Plaintiff's claims against BOP and Mr. Lappin under Federal Rule of Civil Procedure 12(b)(3).

**D.    Alternatively, the Court Should Grant the Government's Motion to Transfer the Case to the Eastern District of North Carolina.**

In the event this Court declines to dismiss Plaintiff's complaint, Defendants BOP and

Harley Lappin request transfer of venue in this case to the jurisdiction of Plaintiff's incarceration

(Eastern District of North Carolina) pursuant to Title 28 U.S.C. § 1404 and the decision in

Starnes v. McQuire, 512 F.2d 918, 925 (D.C.Cir. 1974) (en banc).  In Starnes, the Court of

Appeals recognized that federal prisoner litigation, while perhaps technically permissible in the

D.C. venue, may be more conveniently litigated in the prisoner's district of confinement.[2]

Factors to consider in prisoner litigation which may warrant a change of venue include: (1) the

---

[2]        "[T]here is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia."  Starnes, 512 F.2d at 925 n.7.

5

prisoner plaintiff's difficulty of communicating with legal counsel, id. at 929-30; (2) difficulty in transferring the prisoner, id. at 930-31;[3] (3) availability of witnesses and files, id. at 931; (4) speed of final resolution, id. at 932; and (5) whether the case involves issues of national policy which require testimony of high level administrators located in Washington, D.C., id. at 932-33. Application of these factors in plaintiff's case weigh heavily in favor of transferring venue to the Eastern District of North Carolina, where Rivers Correctional Institution (RCI) is located and where Plaintiff is incarcerated.

Specifically, Plaintiff has alleged that Defendants exposed him to pork during one meal and allegedly denied his request for a proper religious diet. The individuals involved in operating the Rivers Correctional Institution, including co-defendants David Farmer and James Brown, are located in the Eastern District of North Carolina. Likewise, Plaintiff's BOP records, as well as the witnesses necessary to authenticate and elaborate on them, are located in that district. Furthermore, there is little likelihood that high level Bureau officials located in Washington, D.C., including Mr. Harley Lappin, would be required to testify in this case. The transportation of Plaintiff to Washington, D.C. poses substantial safety, logistic, and financial burdens for the Bureau. If Plaintiff's presence were required in the District of Columbia for hearings, such an excursion would require government transportation to and from D.C., accompanying security personnel, housing within a secure facility in D.C., and escorts to, within, and from the courthouse.

---

[3]    "The burdens and dangers involved in transporting a prisoner across long distances [for court appearances] are, in our opinion, a significant inconvenience to the Bureau of Prisons and will normally justify transfer." Starnes, 512 F.2d at 931.

6

Thus, if this Court does not dismiss this case, this case properly belongs in the Eastern District of North Carolina pursuant to Title 28 U.S.C. § 1404(a), which is Plaintiff's district of incarceration and where the alleged incidents took place. Defendants note, however, that the better course for meritless cases such as this is simply to dismiss them. Accord Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997) (favoring dismissal over transfer of meritless cases brought in improper venue). Therefore, Defendants move for transfer only in the alternative.

## IV. CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court grant their motion to dismiss for lack of subject matter jurisdiction, improper venue and for failure to state a claim upon which relief should be granted. In the alternative, should the Court deny Defendants' motion to dismiss, Defendants move pursuant to 28 U.S.C. §§ 1391(b), 1404(a) and 1406, that the Court exercise its discretion to transfer venue to the Eastern District of North Carolina, the judicial district where the alleged incidents took place and where Plaintiff is incarcerated.

June 30, 2006                              Respectfully submitted,

                                 _____/s/_____
                                 KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                 United States Attorney

                                 _____/s/_____
_____RUDOLPH CONTRERAS D.C. Bar No. 434122
                                 Assistant United States Attorney

_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney

OF COUNSEL:
SPENCER BASSETT
Attorney Advisor
Office of General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC  20534

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2006, a true and correct copy of Defendant's

Motion to Dismiss, Or in the Alternative, To Transfer Venue, was served under the Court's ECF

system and via first class mail, postage prepaid to:

> Michael T. Jackson
> Reg. No. 11373-007
> Rivers Correctional Institution
> P.O Box 630
> Winton, NC 27986

/s/

> Eric J. Janson
> Special Assistant United States Attorney
> 555 4th St., N.W.
> Washington, D.C. 20530
> (202) 514-9150 (telephone)
> (202) 514-8780 (facsimile)
> Eric.Janson@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-0592 (GK)** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

This matters comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, to Transfer. Upon consideration of Defendants' Motion, any Opposition thereto, the entire record, and relevant law, it is this _____ day of _____, 2006,

   **ORDERED**, that Defendants' Motion to Dismiss is **GRANTED**, and it is further,

   **ORDERED**, that Plaintiff's Complaint is hereby dismissed with prejudice.

                                        _____
                                        GLADYS KESSLER
                                        UNITED STATES DISTRICT COURT JUDGE

10