United States District Court
For The District Of Columbia

Michael Jackson,
    Plaintiff,

VS.

Civ. Action# 06-0592 (G.K.)

Federal Bureau Of Prisons, et al.,
    Defendants,

[ Plaintiff's Motion In Opposition To Defendants
Motion To Dismiss Or ,In Alternative To Transfer Venue]

   Now comes Plaintiff Michael Jackson 11373-007 responding to the BOP and Harley Lappin Defendants motion to dismiss or transfer venue. The Defendants rely on, Fed. Civ. Rule 12(b) 'failing to state a claim upon which relief can be granted, and also on 1391 (b), 1404 (a), 1406 for transfer on venue. the Plaintiff relies on the following; Fed. Civ. Rule 1391 (e) for venue and D.C.Code 13-423, 13-334 (3) Doing Business in the District, and the Long Arm Statue. Both the BOP and ; Harley Lappin reside and work in the District of Columbia so a transfer of venue would be obsolete and they are doing business and transacting business in the, District. (see contract# J1PCc-005 award page) As to the issue of failing to , state a claim upon which relief can be granted, clearly the Plaintiff's "**free exercise of religion**" has been violated. The denial of a religious diet as prescribed in C.F.R. 548.20 is declaratory, as a halal/kosher diet is a direct tenet of Plaintiff's faith.(Islam) The Plaintiff moves to; have the Defendant's motion to dismiss or transfer venue **Dismissed with prejudice**. In support of this, motion the Plaintiff submits the following memorandum of Points and Authority.

Sworn to and Subscribed before me
this 20th day of July , 20 06
Witness my hand and official seal.
*Patricia A Hall* Notary Public
My Commission Expires 10-3-06

Respectfully Submitted,
*Michael Jackson*
11373-007

**RECEIVED**

JUL 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Memorandum In Support Of Plaintiff's
Motion In Opposition to BOP Defendant's
Motion To Dismiss or Transfer Venue

**1) Plaintiff does state a claim in which entitles him to relief.**

Based on the facts in support of plaintiff's action a thorough reading of Plai-ntiff's pro se' complaint does state a set of facts which entitles him to relief. Assumming the government's arguement with respect to "RLUIPA" Plaintiff maintains that based on the **facts** of the complaint Plaintiff is entitled to relief under the **Religious Freedom Restoration Act**, which is enforced on the 'Federal Gov't and Its agencies' and prisons, (see Gartrell v. Ashcroft)

Also it is well documented law that the Federal Court must recognize and hold Plaintiff's pro se' motion to a less stringent standard than pleadings by a lawyer (see Haines V. Kerner 404 U.S. 519 S. Ct. 594 (1972). Further I request that the Court construe each fact liberally.

**2) Erroroneous Information stated by BOP Defendants**

The Defendants stated that the Plaintiff arrived at Rivers on Sept. 24,2001 and Rivers Corr. Inst. was contracted to house 'Federal Inmates'. This information is erroroneous and just plain wrong the Plaintiff arrived at Rivers May 17, 2002 which is eight months later and Rivers was contracted to house D.C. Code felony offender not Federal inmates. The contract between BOP and GEO is based on the D.C. Code 24-101 (see contract award page block 12)

Defendants claim Plaintiff began his action based on "one instance" where Plain-tiff was exposed to 'Pork'. The Plaintiff had been since the first year of arriv-al at Rivers trying through diplomatic means to establish religious diet program as laid down in 28 C.F.R. 548.20 by meeting with the chaplain and Asst Warden on mainline. The Plaintiff had met numerous times with dept. heads in hopes of resol-ving the matter. However after a final failure and being exposed to pork the Plain-tiff took to more assertive actions (request, grievances, and court action).

**3) Plaintiff can prove a set of facts that would entitle him to relief against the BOP Defendants.**

Plaintiff can prove the necessary facts that would entitle him to relief against the BOP and Harley Lappin. D.C.code 24-101 states the BOP is responsible for the, Plaintiff's custody and care.'Care as defined by 24-101 is to provide conditions, coequal to conditions provided to inmates housed in a federal facility.' The BOP Defendants failed to adhere to D.C.Code 24-101 by <u>not</u> providing 'Care' as stated in 24-101. They also failed to protect Plaintiff's right to 'free exercise of religion as guaranteed by law when they denied Plaintiff's request, and grievances.[see grie-vances BP-230,231) This denial infringes on Plaintiff's Constitutional Rights. The Plaintiff is a **'Sunni Muslim'** for more than ten years and there are strict dietary laws in Islam [see Holy Quran surah 5 ayat 3-6] The BOP recognizes this proof of, this is they have **program statements** that regulate the procedures involved with sup-plying the diet. In a federal prison this occurrence could not happen, therefore the BOP and Harley Lappin failed to provide care and protect the Plaintiff's rights, Also they failed to enforce contract compliance on the GEO Group inc.[see contract# J1PCc-005 page 6 lines 31-38] which do state following and obeying all federal reg-ulations. C.F.R. 548.20 is a federal regulation which they are not enforcing.

4) **Defendants claim issue that "RLUIPA", defines the term "Government" as; state, local, and county.**

As Defendants state the word government is defined as is quoted in this caption, however they failed to complete the definition section 4 (B) of the "RLUIPA" states that for the purposes of Sec. 2 (b) and 3 of this title the term government is to include The United States, a branch department, agency, instumentality, or official of the U.S., and any person acting under <u>color of federal law.</u> The Court is bound by this definition as well as the other. (see National City Lines, inc. vs. LLC.-corp. 687 F. 2d 8th Cir. [1982]) Also see section #1 of this points and authorities where Plainti-ff states with respect to "RLUIPA" that the claim if failed by the "RLUIPA" that it would survive, under the Religious Freedom Restoration Act.

5) **The Defendants state that the Plaintiff failed to state a <u>Constitutional Claim</u> against the BOP and Harley Lappin.**

As previously stated in section #3 the BOP Defendants failed to protect Plaintif " free exercise of religion" as guaranteed by the Constitution. They did this when they Denied Plaintiff's request and grievances for a proper religious diet as laid down in C.F.R 548.20. Further proof is they failed to enforce <u>contract compliance</u> on the GEO group at Rivers [see contract J1PCc-005] so the Court can see clearly there is a Constitutional Claim present in the Plaintiff's action and a thorough, reading will show that.

6) **The Defendants (BOP and Harley Lappin) request a transfer of venue.**

The BOP Defendants request a transfer of venue based on the Fed. Civ. Rules 12 b 1404 a, 1406. With respect to the Court the defendants motion should be **denied**. As it stands the following are fact directly relevant to this case and this issue; the BOP Defendants reside and or work in the District (see contract award page), the BOP Defendants used a D.C. law to assume custody and care of Plaintiff [see D.C. Code - 24-101] also to transfer Plaintiff to a private contract facility (see contract J1P-Cc-005)., and they were in the District when Plaintiff submitted his request and-grievances. These instances fall in line with <u>doing business, and transacting business in the District</u> which do bring on the District's Long Arm Statue D.C. Code 13-423 and 13-334. Also the Fed. Civ. Rule 1391 e, which do state that an action may be brought in any district where a defendant can be found. So as the Court can see there is more than enough evidences to support this Court keeping venue and jurisdiction. (see Gartrell v. Ashcroft 191 F. 2d)

7) **Defendants Claim Sovereign Immunity**

With respect to the Government's claim the Plaintiff concedes on the issue of monetary damages against the BOP Defendants, however the BOP can provide a remedy acceptable to the Plaintiff. It is within the BOP's powers to transfer Plaintiff to a BOP Low custody facility where Plaintiff can practice his religion in **less restrictive means** than those at Rivers contract facility. In Gartrell vs. Ashcroft the judge ( Henry H. Kennedy) instead of challenging the grooming policy of VDOC he, ordered that the BOP place Plaintiffs in a BOP facility with less restrictive means to allow free exercise of religion.

(3)

8) **The Defendants state that "RLUIPA" does not apply to federal agencies and, federal prisons.**

The statement is true about 'RLUIPA' however Rivers is not a <u>federal prison</u> it is a contract facility. Also the BOP is acting under <u>color of D.C. Law</u> (D.C. Code 24-101) Further the Defendants alleges Plaintiff is a "<u>federal inmate</u>", which is not true Plaintiff is a D.C. Code offender (see judgment & commitment order) Also and more importantly the BOP is acting according to D.C. Code 24-101 which is a state law under "RLUIPA" this why Plaintiff used "RLUIPA" and the Restoration Act is not a vehicle against state or local Governments. So it is reasonable to infer that although the BOP is a federal agency they are acting under D.C. Law (see D.C. Code 24-101 and exhibit #2 lines 1-9) and section 4 (A) of the "RLUIPA" state any other person acting under **color of state law** and the term **instrumentality** in the definition an instrumentality is an <u>agency</u> used to achieve a means or goal of another (see Black's Law Dictionary) The BOP is acting as an **<u>instrumentality</u>**, under D.C. Law. (see Fletcher v. District Of Columbia 370 F. 3d sec.4) where the, judge told the U.S. Parole Commission they being a federal agency was amendable under suit because Plaintiff was a D.C. Code offender. Hence the Defendants continue to avoid the main issue of a violation of Plaintiff's "**free exercise of religion**" their attempts to smoke screen the Court with smaller technical issues shows proof they are attempting to divert the Court's attention away from the main issue. The Plaintiff request that the Court review this issue again liberally and look at the main stay issue the violation to Plaintiff's **free exercise of religion** by the BOP Defendants failing to uphold It's duties under D.C. Code 24-101 and under the U.S. Constitution as well as the contract with GEO.(see contract J1PCc-005)

9) **BOP and GEO are binded by terms set forth in the Contract and must act in accordance with terms set forward in the contract.**

The Plaintiff points the Court's attention to blocks #14-15 on the contract, award page.(see exhibit #1) The two set of Defendants (BOP & GEO) are mandated to be governed by the terms set forth in this contract. Which do show they have not, been following all the terms in the contract is a breach of the contract agreement, and furthers the Plaintiff's claim of the Defendants (BOP & GEO) doing business and transacting business in the District since the dates on the contract, award page. Also both set of Defendants are binded to all the terms in the contract so the contract's compliance is mandatory on both and page 6 lines 31-38 says they must follow all federal regulations, and page 7 lines 1-6 include obeying all D.C. Laws and Federal Laws. This clearly shows that state laws (D.C. Law) must be adhered to. This would include D.C. Law 13-423 the Long Arm Statue and 24-101 The Revitalization Act. And any attempt to forego following any portion of the contract, would be a **breach of the contract**. And both parties have failed to uphold the, contract's compliance (following all federal regulations) by failing to provide a religious diet as laid down in C.F.R. 548.20 which does violate Plaintiff's, <u>**free exercise of religion.**</u>

**Summery;**

   The Plaintiff has met every prong necessary for the Court to maintain jurisdiction in this action. 1) the Defendants '**transacted business in the District**', 2) the Defendants actions in the District were cause of violation (failure to enforce the contract's compliance on GEO employees, and denial of Plaintiff's grievances). 3) And defendants have atleast '**minimal contact**' with the District (their headquarters is in Washington D.C. see block #5). As with their co-defendants (the GEO Defendants) all the above has been proven except GEO is not headquartered in Wash. D.C. The GEO Defendants did '**transact business in the District**' (see contract J1PCc-005), their failure to follow the contract's compliance resulted in the violation to Plaintiff's Constitutional Rights (**free exercise of religion**), and they have minimal contact, with the District (see exhibits that accompany Plaintiff's actions against GEO Defendants).

**Prayer for relief;**

   It is the hope of this Plaintiff that this Court will deny the Defendant's motion based on the foregoing, it is further the hope of this Plaintiff that the Court will accecpt the Plaintiff's '**prima facie showing**' of the events that brought this action to the Court's attention. Also on the issue concerning the defendant's claim of, **sovereign immunity** where the Plaintiff conceded on the <u>monetary damages</u> the Plaintiff has recognized the BOP Defendant's right that monetary damages could not be granted in this action only declaratory or injunctive relief can be sought. However, this is in no way to be considered a withdrawal on any charge lodged against any Defendant in this action. Also that monetary damages can be extracted against the GEO, Defendants for their negligence '**denial of proper religious diet**' as laid down in 28 C.F.R. 548.20 and because of their negligence Plaintiff only contact with the proper food items (**halal/ or kosher food**) was through Plaintiff purchasing the items from commissary. Further if the issue on page 2 section 1 becomes an issue the Plaintiff request the Court to maintain his complaint (see page 2 sec. 1, and page 4- section 8)

Sworn to and Subscribed before me this 20th day of July, 2006.
Witness my hand and official seal.
Patricia O'Hella — Notary Public
My Commission Expires 10-3-09

Respectfully Submitted,
Michael Jackson
11373-007

(5)

# CONTRACT AWARD

| | | | PAGE | OF PAGES |
|---|---|---|---|---|
| | | | 1 | 181 |

| 1. CONTRACT NUMBER | 2. EFFECTIVE DATE | 3. SOLICITATION NUMBER | 4. REQUISITION/PROJECT NUMBER |
|---|---|---|---|
| J1PCc-005 | See Block 15c | RFP PCC-0004 | N/A |

| 5. ISSUED BY | CODE N/A | 6. ADMINISTERED BY (If other than Item 5) | CODE N/A |
|---|---|---|---|
| Federal Bureau of Prisons<br>320 First Street NW Room 500-6<br>Washington, DC 20534<br>Scott P. Stermer, Contracting Officer<br>(OMB #1103-0018 EXP 02/28/01) | | Same Block 5 | ORIGINAL |

| 7. NAME AND ADDRESS OF CONTRACTOR | CODE | 8. PAYMENT WILL BE MADE BY |
|---|---|---|
| Wackenhut Corrections Corporation<br>4200 Wackenhut Drive<br>Palm Beach Gardens, FL 33410 | | Federal Bureau of Prisons<br>Mid-Atlantic Region<br>Junction Business Park<br>10010 Junction Drive, Suite 100-N<br>Annapolis Junction, MD 20701<br>Regional Comptroller |

| 9A. DUNS NUMBER | 9B. TAXPAYER'S IDENTIFICATION NO. | 10. SUBMIT INVOICES (4 copies unless otherwise specified) TO |
|---|---|---|
| 61270645 | 650043078 | [X] ITEM 5  [ ] ITEM 6  [ ] ITEM 8  [ ] OTHER (Specify) |

### 11. TABLE OF CONTENTS

| (X) | SEC. | DESCRIPTION | PAGE(S) | (X) | SEC. | DESCRIPTION | PAGE(S) |
|---|---|---|---|---|---|---|---|
| | | PART I - THE SCHEDULE | | | | PART II - CONTRACT CLAUSES | |
| X | A | SOLICITATION/CONTRACT FORM | 3 | X | I | CONTRACT CLAUSES | 11 |
| X | B | SUPPLIES OR SERVICES AND PRICES/COSTS | 4 | | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACH. | |
| X | C | DESCRIPTION/SPECS./WORK STATEMENT | 40 | X | J | LIST OF ATTACHMENTS | 96 |
| X | D | PACKAGING AND MARKING | 1 | | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| X | E | INSPECTION AND ACCEPTANCE | 4 | X | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | 14 |
| X | F | DELIVERIES OR PERFORMANCE | 2 | | L | INSTRS., CONDS., AND NOTICES TO OFFERORS | |
| X | G | CONTRACT ADMINISTRATION DATA | 3 | | M | EVALUATION FACTORS FOR AWARD | |
| X | H | SPECIAL CONTRACT REQUIREMENTS | 3 | | | | |

**12. BRIEF DESCRIPTION**
Contractor-Owned and Contractor-Operated correctional facility for an estimated population of 1,200 low security male District of Columbia (D.C.) sentenced felons.

**13. TOTAL AMOUNT OF CONTRACT**    $91,890,622.95  (FP01009T120M)

**14. CONTRACTOR'S AGREEMENT.** Contractor agrees to furnish and deliver the items or perform services to the extent stated in this document for the consideration stated. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

**15. AWARD.** The Government hereby accepts your offer on the solicitation identified in item 3 above as reflected in this award document. The rights and obligations of the parties to this contract shall be subject to and governed by this document and any documents attached or incorporated by reference.

[X] A. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN FOUR COPIES TO THE ISSUING OFFICE. (Check if applicable)

B. SIGNATURE OF PERSON AUTHORIZED TO SIGN

C. NAME OF SIGNER
Wayne H. Calabrese

D. TITLE OF SIGNER
President

DATE
2/22/2000

A. UNITED STATES OF AMERICA (Signature of Contracting Officer)

B. NAME OF CONTRACTING OFFICER
Scott P. Stermer, Contracting Officer

C. DATE
3/7/2000

AUTHORIZED FOR LOCAL REPRODUCTION

OPTIONAL FORM 307 (9-97)
Prescribed by GSA - FAR (48 CFR) 53.215-1(e)

Exhib #1

DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK
Request for Proposal PCC-0004

1  I.   INTRODUCTION

2  The National Capital Revitalization and Self-Government
3  Improvement Act of 1997 mandates that the Bureau of Prisons house
4  a portion of the District of Columbia sentenced felon population
5  in private contract facilities.

6  The Bureau of Prisons has proceeded to comply with this mandate
7  by identifying the appropriate populations to fulfill the
8  requirement from the overall District of Columbia sentenced felon
9  population.

10  The attached SOW identifies the technical and programmatic
11  details for a low security adult male population.

Exhibit #2

1