UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0592 (GK) |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____  _____ ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants Federal Bureau of Prisons (BOP) and Harley Lappin, Director, BOP, through the undersigned counsel, moved to dismiss ("Defendants' Motion") Plaintiff's complaint brought under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000CC et seq. pursuant to 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, improper venue and for failure to state a claim upon which relief can be granted.  In the alternative, should the Court deny Defendants' motion to dismiss, Defendants' moved pursuant to 28 U.S.C. §§ 1391(b), 1404(a) and 1406, that the Court exercise its discretion to transfer venue to the Eastern District of North Carolina, the judicial district where the alleged incidents took place and where Plaintiff is incarcerated.

Defendants hereby submit the instant reply to Plaintiff's Opposition to Defendants' Motion ("Opposition") filed on July 27, 2006.

# ARGUMENT

I. **Plaintiff Failed to Address Defendant's Sovereign Immunity Defense With Respect to the Alleged Constitutional Violations by BOP and Harley Lappin in His Official Capacity.**

Plaintiff's complaint fails to make <u>any</u> reference to a constitutional violation by the Bureau of Prisons (BOP) or Harley Lappin as BOP Director and rests entirely on RLUIPA. Nevertheless, Plaintiff alleges for the first time in his Opposition that Defendant "failed to protect Plaintiff's right to free exercise of religion as guaranteed by law....[and] this denial infringes on Plaintiff's Constitutional Rights." Opp. at 2-3. Aside from the fact that Plaintiff has failed to amend his complaint to include this new claim, he has failed to address Defendants' argument that sovereign immunity bars any constitutional claim against BOP and/or Harley Lappin in his official capacity[1] as BOP Director.

As noted in Defendants' Motion to Dismiss, a plaintiff cannot sustain an action based on constitutional violations against government agencies. <u>FDIC v. Meyer</u>, 510 U.S. 471 (1994). An action for damages based upon constitutional violations can only be maintained against individual defendants and cannot be brought against the United States or an agency thereof. <u>Id</u>. The only waiver exposing the United States to tort liability is the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680), which does not apply to constitutional torts. <u>Risley v. Hawk</u>, 918 F. Supp. 18 (D.D.C. 1996). Thus, plaintiff cannot maintain a constitutional claim for money damages against the BOP.

---

[1] Plaintiff's complaint makes clear that Harley Lappin is being sued in his <u>official</u> capacity. Compl. at 6. To the extent that the Plaintiff may subsequently assert an individual capacity claim against Mr. Lappin, this filing contained herein is not intended to be a waiver by Mr. Lappin of any defenses, including but not limited to, immunity from suit, improper venue, and insufficiency of service of process.

Likewise, Plaintiff cannot seek damages against Defendant Harley Lappin, in his official capacity as Director of the Bureau of Prisons since sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's complaint does not contain any colorable basis for such a waiver. Therefore, to the extent Plaintiff asserts constitutional claims for damages against Mr. Lappin in his official capacity, such claims must be dismissed for lack of subject matter jurisdiction.

## II. Plaintiff Has Failed to Demonstrate That Transfer of Venue is Not Warranted

In the event that the Court declines to dismiss Plaintiff's complaint, Defendants BOP and Harley Lappin moved for a transfer of venue to the jurisdiction of Plaintiff's incarceration (Eastern District of North Carolina) pursuant to Title 28 U.S.C. § 1404 and the decision in Starnes v. McQuire, 512 F.2d 918, 925 (D.C.Cir. 1974) (en banc). Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought" (emphasis added). In Starnes, the Court of Appeals dealt with the issue of venue in the context of prisoner litigation, as is the case here, and held that while the case was perhaps technically permissible in the D.C. venue, it may be more conveniently litigated in the prisoner's district of confinement. Factors to consider in prisoner litigation which may warrant a change of venue include: (1) the prisoner plaintiff's difficulty of communicating with legal counsel, id. at 929-30; (2) difficulty in transferring the prisoner, id. at 930-31; (3) availability of witnesses and files, id. at 931; (4) speed of final resolution, id. at 932; and (5) whether the case involves issues of national policy which require testimony of high level administrators located in Washington, D.C., id. at 932-33.

Plaintiff has failed to address Defendants' arguments in support of transfer, most notably the fact that the alleged incident took place at the Rivers Correctional Institution (RCI), which is located in the Eastern District of North Carolina and the individuals involved in operating RCI, including co-defendants David Farmer and James Brown, are located in this district. Likewise, Plaintiff's BOP records, as well as the witnesses necessary to authenticate and elaborate on them, are located in that district. Furthermore, the transportation of Plaintiff to Washington, D.C. poses substantial safety, logistic, and financial burdens for the Bureau. If Plaintiff's presence were required in the District of Columbia for hearings, such an excursion would require government transportation to and from D.C., accompanying security personnel, housing within a secure facility in D.C., and escorts to, within, and from the courthouse.

In response, Plaintiff maintains that the District of Columbia is the proper venue because under the D.C. Long Arm Statute, Defendants were "doing business and transacting business in the District." Opp. p. 3. However, Plaintiff has confused the important distinction between venue and jurisdiction. The D.C. Long Arm Statute deals with personal jurisdiction over a defendant and not venue. As the Supreme Court recognized, personal jurisdiction deals with the courts "power to adjudicate" whereas venue relates to "the place where judicial authority may be exercised...and relates to the convenience of litigants." Neirbo v. Bethlehem Shipbuilding Co., 308 U.S. 165, 167 (1939). Accordingly, Plaintiff's reliance on the D.C. Long Arm Statute is misplaced and fails to overcome the factors outlined above which weigh heavily in favor of transferring venue to the Eastern District of North Carolina.

**CONCLUSION**

For the reasons stated above, as well as in Defendant's Motion, Plaintiff's complaint should be dismissed or, alternatively, transferred.

August 2, 2006                              Respectfully submitted,

                                            /s/
                                            KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                            United States Attorney

                                            /s/
                                            RUDOLPH CONTRERAS D.C. Bar No. 434122
                                            Assistant United States Attorney

                                            /s/
                                            ERIC J. JANSON
                                            Special Assistant United States Attorney

OF COUNSEL:
SPENCER BASSETT
Attorney Advisor
Office of General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC  20534

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on August 2, 2006, a true and correct copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, Or in the Alternative, To Transfer Venue, was served under the Court's ECF system and via first class mail, postage prepaid to:

  Michael T. Jackson
  Reg. No. 11373-007
  Rivers Correctional Institution
  P.O Box 630
  Winton, NC 27986

          /s/
         Eric J. Janson
         Special Assistant United States Attorney
         555 4th St., N.W.
         Washington, D.C. 20530
         (202) 514-9150 (telephone)
         (202) 514-8780 (facsimile)
         Eric.Janson@usdoj.gov